VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      23-AP-387



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2024

City of Rutland v. Kamberleigh Johnston\*        }       APPEALED FROM:
& Marjorie Johnston\*                                         }
                                                                       }       Superior Court, Rutland Unit, Civil Division
                                                                       }       CASE NO. 22-CV-00030
                                                                       }       Trial Judge: Megan J. Shafritz

In the above-entitled cause, the Clerk will enter:

In this ejectment action, the trial court granted summary judgment to the City of Rutland for ejectment and declaratory relief and later dismissed defendants' counterclaims. Defendants subsequently moved for a new trial or to set aside the judgment order and the court denied the motion. Defendants appeal, arguing they were entitled to a jury trial and that the judgment for the City was in error. We affirm.

The record contains the following facts. In 2022, the City filed this ejectment action alleging that in 2021 through tax sale deeds the City obtained title to two residential properties on Pine Street in Rutland, and defendants continued to occupy and remain on the properties without permission. Defendants opposed ejectment on the grounds that they held perpetual lease agreements (PLAs) that were allegedly signed by Raymond Jette, who was the title holder to the property prior to the City's acquisition and is now deceased. The City moved for summary judgment, asserting that the PLAs were invalid as a matter of law.

In May 2023, the trial court granted the City summary judgment on its claims for ejectment and declaratory relief for the Pine Street properties. The court recounted the following undisputed facts. Defendant Marjorie Johnston was record-title owner of the Pine Street properties at issue in 2010 when mortgage lenders began foreclosure proceedings. The properties were foreclosed and Mr. Jette, a friend of Ms. Johnston's, purchased them from the mortgage companies in 2017. In 2018, Mr. Jette and Ms. Johnston signed documents entitled "Perpetual Lease Agreement," purporting to give Ms. Johnston a lease of the land and structures for $100 annually. The agreements purported to require the City to modify the grand list to make Ms. Johnston the sole effective property owner. Agreements were also signed between the Johnstons in 2015 and 2020, purporting to grant Mr. Johnston interest in a quarter of a shed and

requiring Mr. Johnston to pay $30 annually to lease the attic of the structures on the properties. The City did not recognize any of the lease agreements. In August 2020, the City notified Mr. Jette and the Johnstons that the property taxes on the Pine Street properties were delinquent, and after the redemption period passed, purchased the properties.

Based on these undisputed facts, the court granted the City summary judgment, concluding that the City had valid title and a right to enter and possess the properties. The court concluded that none of the agreements relied on by the Johnstons were valid PLAs for numerous reasons, including that the 2015 and 2020 agreements were invalid because Ms. Johnston lacked any interest to convey and the 2018 agreements did not convey any interests in real property and were not arm's-length transactions, but "deliberate efforts to avoid ordinary property tax obligations."

In August 2023, the court granted the City's motion to dismiss and for summary judgment on defendants' counterclaims. The court issued a final judgment order and an order of possession for the City.

On September 25, 2023, defendants filed a motion entitled "Motion for new trial, and amended judgement under 61, rule 59 and/or rule 60, related relief." The motion alleged that the court erred in deciding the case on summary judgment without a jury trial. The court construed the motion as one seeking relief under Vermont Rule of Civil Procedure 59(e) and denied it, concluding that summary judgment was appropriate because defendants did not submit a response to the City's statement of undisputed facts and defendants had not presented any grounds to warrant reconsideration. Defendants appeal.

The City argues that the case should be dismissed because the defendants' brief does not comply with the requirements of the appellate rules. The motion is denied. Although the defendants' brief does not conform to the rule requirements, this Court will address the arguments it is able to decipher.

This Court reviews summary-judgment rulings de novo, applying the same standard as the trial court. Gross v. Turner, 2018 VT 80, ¶ 8, 208 Vt. 112. Summary judgment is appropriate where there is no genuine issue of material fact, and a party is entitled to judgment as a matter of law. V.R.C.P. 56(a).

On appeal, defendants contend that a three-year statute of limitations bars any attempt to void the agreements related to the Pine Street properties because their agreements were recorded three years prior to the filing of the City's complaint in this case. See 27 V.S.A. § 348(b) (providing that any instrument "made for the purpose of conveying, leasing, mortgaging, or affecting any interest in real property" that contains one or more of several listed errors is valid unless challenged within three years after it is recorded). The trial court correctly concluded that the City's claims challenging the agreements here are not within the list of enumerated errors in § 348(b) and therefore that limitations period is not applicable.

Defendants also generally assert that the agreements were valid PLAs, but do not provide any arguments as to why the trial court's analysis was incorrect. It is defendants' responsibility to explain the errors they perceive in the court's decision. Because defendants have not done that here, we conclude the argument is inadequately briefed and do not address it. See

2

Kneebinding, Inc. v. Howell, 2020 VT 99, ¶ 61, 213 Vt. 598 (explaining that mere statements without legal support or argument amounts to inadequate briefing).

Finally, there is no merit to defendants' contention that the matter should be remanded for a jury trial. Summary judgment is appropriate when there are no issues of material fact. As the trial court explained, defendants failed to respond to the City's statement of undisputed facts and the City's facts were therefore deemed undisputed. On appeal, defendants have not identified any disputed facts or error in accepting the City's statement of facts. Because there were no contested facts in this case, the trial court properly resolved the case on summary judgment. See Lawson v. Halpern-Reiss, 2019 VT 38, ¶ 22, 210 Vt. 224 (explaining that "vague allegation that facts are contested, without more, is insufficient to withstand summary judgment").

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice